## Hart *et al.* *versus* Carroll.

1. In order to take a parol contract for the sale of lands out of the operation of the Statute of Frauds its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it had been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages and such as would make rescission inequitable and unjust.

2. Defendant in ejectment claimed title to land by virtue of a parol sale, possession taken and maintained, improvements, &c. A deed was offered in evidence, signed by plaintiff, which contained a description of the property, and recited the consideration, but which was never delivered to defendant. *Held* (reversing the court below), that the deed, taken in connection with other facts, was sufficient evidence of a parol contract to take the case out of the operation of the Statute of Frauds.

November 16th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Error to the Court of Common Pleas of *Fayette county :* Of October and November Term 1877, No. 265.

Ejectment by Joseph Carroll against C. A. Hart and Elias Parshall, for a tract of about eighty acres of land.

Hart claimed title to the land by virtue of a parol sale, which, he alleged, took place in 1860, in pursuance of which he had taken possession of the tract, which was then wild and uncultivated, and had since remained in possession, clearing it and converting a considerable portion thereof into meadow and pasture lands. A portion of a steam distillery, belonging to defendant, was also erected on the land. He likewise alleged that all the purchase-money was paid.

It appeared also that Carroll had executed a deed to Hart for this land in 1867. This deed, however, was never delivered to Hart, but was in the possession of Carroll at the time of the trial.

A short time before this suit was instituted in 1873, Hart was heavily involved in debt, and judgments were entered against him, among which was one in favor of Elias Parshall for $2000. When this suit was commenced a rule of reference was entered, and Hart accepted service of both the writ and the rule. Both Carroll and Hart attended before the arbitrators, and the latter made no defence.

An award was made finding for the plaintiff, to be released upon the payment of $784 within thirty days, the amount claimed by Carroll. As a precautionary measure, lest the rights of the judgment creditors might be precluded by the forfeiture of the land on this conditional award, Parshall was allowed by the court to become a defendant, and he entered an appeal from the award. The land

[Hart *v.* Carroll.]

was sold by the sheriff and purchased by Parshall, to whom a sheriff's deed was given.

In charging the jury the court, Willson, P. J., said:—

" It is claimed that independent of the fact of the delivery of the deed, that there is sufficient evidence in the case of a verbal sale by Carroll to Hart—as to the making of this agreement of a verbal sale in the payment of the purchase-money, the making of improvements, and the fact of the defendant retaining possession of the property to take the case out of our Statute of Frauds and Perjuries, but [we instruct you that if there was no delivery of the deed as claimed by the defendants, then the defendants have no right to hold this land, and your verdict must be for the plaintiff. There is nothing in the evidence of the verbal sale that would enable the defendants to retain this land, and ask a verdict at your hands, outside of the Statute of Frauds and Perjuries]."

The verdict was rendered accordingly, and after judgment the defendants took this writ, assigning for error the instruction contained in that portion of the charge above included in brackets.

*Minor & Parshall,* for plaintiffs in error.—The defendant had purchased and paid the plaintiff for the land ; had taken and held possession of it for more than fourteen years, and made valuable changes and improvements on it, while the plaintiff had stood by until there was an opportunity to take the land back and defraud the creditors of Hart. These creditors would certainly find it a difficult matter to recover compensation in damages to them in any form of action. It is certainly against equity and justice to allow the plaintiff to take this land under these facts, and the case ought to have gone to the jury on the facts outside of the statute: Smith *v.* Patton, 1 S. & R. 80 ; Pugh *v.* Good, 3 W. & S. 56 ; Clark *v.* Vankirk, 14 S. & R. 354 ; Miranville *v.* Silverthorn, 1 Grant 410 ; Haslet *v.* Haslet, 6 Watts 464 ; Blakeslee *v.* Blakeslee, 10 Harris 237 ; Ackerman *v.* Fisher, 7 P. F. Smith 457 ; Toe *v.* Toe, 3 Grant 74 ; McGibbeny *v.* Burmaster, 3 P. F. Smith 332 ; Farley *v.* Stokes, 1 Pars. 422.

A deed signed by the vendor alone, accompanied by part payment of the purchase-money and delivery of possession, will take the case out of the statute: Lowry *v.* Mehaffy, 10 Watts 387 ; Gilhousen *v.* Willink, 3 Pitts. L. J. 214 ; Tripp *v.* Bishop, 6 P. F. Smith 424 ; Smith's Appeal, 19 Id. 474.

*C. E. Boyle,* for defendant in error.—It may be admitted that there was some sort of contract between Carroll and Hart, but there was no evidence as to its execution, nor the place where made. The price was uncertain, and there was no evidence of the boundaries of the land, or any description of it. It was not shown that possession was taken under the contract, nor after it was made.

[Hart *v.* Carroll.]

So also the evidence as to payments were vague and uncertain. Assuming that all that was in evidence for defendants was correct, it would not constitute a valid.parol sale, and if it did, full compensation could be had in damages: Moore *v.* Small, 7 Harris 467 ; Postlethwait *v.* Frease, 7 Casey 472 ; McKee *v.* Phillips, 9 Watts 85 ; Goucher *v.* Martin, Id. 106 ; Woods *v.* Farmer, 10 Id. 195 ; Ackerman *v.* Fisher, 7 P. F. Smith 460 ; Aitkin *v.* Young, 2 Jones 15 ; Christy *v.* Barnhart, 2 Harris 260 ; Overmyer *v.* Koerner, 2 W. N. C. 6.

[SHARSWOOD, J.—Was not the undelivered deed evidence sufficient to take the contract out of the operation of the statute ?

Do not know of any case to that effect.

Chief Justice AGNEW.—Would it not be evidence of a parol contract—of the terms of the contract ?

SHARSWOOD, J.—The statute only requires that the evidence of the contract should be in writing.]

Even if the deed was evidence of the terms of the contract, compensation could be made in damages, and for that reason alone this court will not enforce it.

Mr. Justice WOODWARD delivered the opinion of the court, January 7th 1878.

In order to take a parol contract for the sale of lands out of the operation of the Statute of Frauds, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust. These rules have been settled by a long series of authorities, including Goucher *v.* Martin, 9 Watts 106 ; Woods *v.* Farmere, 10 Id. 195 ; Frye *v.* Shepler, 7 Barr 91 ; Brawdy *v.* Brawdy, Id. 157 ; Aitkin *v.* Young, 2 Jones 15 ; and Rankin *v.* Simpson, 7 Harris 471. There must be proof of an expenditure for improvements not reimbursed by profits derived from the occupation of the land, and not capable of compensation in damages recoverable in an action for the breach of the contract: Wack *v.* Sorber, 2 Whart. 387 ; McKowen *v.* McDonald, 7 Wright 441. And it was said in the celebrated charge of Judge GRIER, in Woods *v.* Farmere, that " it must be plain that the party who claims the interference of the chancellor has the burden of proof thrown on him. He knows, or is presumed to have known, that the law requires, as evidence of the title to land, that the contract must be made in writing. He

[Hart v. Carroll.]

has acted with great negligence and folly who has paid his money without taking the proper and legal evidence. When, therefore, he requests a court to interfere for him, and save him from the consequences of his own disregard of the law—when he asks the court to decree in his favor, in the face of the letter of the law, he should be held rigidly to full, complete, satisfactory and indubitable proof." These are stringent, but salutary and beneficial rules, in the maintenance of which the public welfare is vitally involved. The inquiry remains whether or not, under these rules, the case of the defendants below embodied elements which ought fairly to have been submitted for the consideration of the jury.

What was meant by Judge GRIER in the requirement of "indubitable proof," was evidence that should not only be found credible, but of such weight and directness as to make out the facts alleged beyond a doubt. In the very nature of things that conclusive and absolute proof which results from the production of record evidence, or rests on the solution of a mathematical problem, can never be the effect of the verbal testimony of human witnesses. The language of the authorities is to be taken and treated in its connection with and its relation to the subjects and instrumentalities to which it has been applied. In the present case, it was not disputed that Carroll, the plaintiff below, sold the land in controversy to Hart, one of the defendants. Both the parties swore distinctly to the fact. There was some parol testimony from which the date of the contract could have been approximately fixed in the year 1860. It is true this testimony was so uncertain as to create a difficulty, if it were unaided by other evidence, in settling the amount of purchase-money due at any later period, but that difficulty was removed when the deed from Carroll to Hart was made. The price of the land was shown by both parties to have been two dollars and fifty cents per acre, and the quantity was distinctly ascertained to have been eighty-one acres and a half. In regard to the price, the stenographer's notes contain a statement made at one time by Hart in the course of his examination that it was one dollar and fifty cents per acre, and the statement was left apparently unexplained. Its significance would have been a proper subject for the jury to consider. It appeared also that Carroll had stated before the arbitrators that the price was four dollars per acre, but he explained that by saying that he meant to include interest. Then there was evidence that the price agreed on was to be paid from time to time as Carroll should require it ; that some advances and payments were made in accordance with that understanding ; that Hart entered into possession under the contract; that he cleared eighteen acres and fenced the entire tract ; and that a portion of his steam distillery, or at least a portion of a building appurtenant to the distillery, was erected on this land. It was shown also in the course of the testimony, in support of the general allegation

[Hart *v.* Carroll.]

of the existence of a parol contract, as well as in support of the charge by the defendant Parshall of an attempt on the part of Carroll and Hart to defraud Hart's creditors, that shortly before this suit was brought, he had become involved, and judgments had been entered against him, and that on the day when this writ of ejectment was issued and the rule of reference entered by Carroll, Hart accepted service both of the writ and the rule. Both the parties attended before the arbitrators, Hart making no defence. An award was made in favor of Carroll, to be released on payment of $784 within thirty days. From this award, on his petition to intervene, Parshall was permitted as a joint defendant to appeal.

In addition to the general facts recited, it appeared that Carroll had executed a deed to Hart for this land on the 7th of December 1867. The jury found by their verdict that it had never been delivered, but it was in existence at the time of the trial, and was produced by Carroll and shown in court during the examination of the witnesses. Not having been delivered, it conferred no title, and having been retained exclusively in the vendor's hands, it could not serve the purpose of averting the operation of the statute. But its execution was a fact bearing upon the question of the existence of the contract. It was a deliberate admission that the land had been sold, and an explicit declaration of the terms of the sale, of the quantity and boundaries of the land, and of the amount of the purchase-money. Its production in evidence could have been enforced for the purposes to which it would extend—not to establish title, and not to avoid the statute—but to show a carefully considered acknowledgment and recognition by Carroll of Hart's contract rights. Can it be doubted that verbal testimony of declarations by the plaintiff made in December 1867, of the precise facts recited in the deed, would have been admissible in aid of the grounds on which the defence was rested ? And how, in view of such clear and definite evidence as would be thus afforded, would a chancellor find embarrassment in decreeing specific performance ? The ascertainment of the amount remaining due on the consideration would only be left, and that could be reached by such proof of payments as is required in any ordinary action involving the settlement of accounts. Rigid as the rules are that are prescribed for this class of controversies, it is still the law that " where a parol contract of sale is precise as to the terms and subject-matter, and the vendee has taken possession in pursuance of it, and made valuable improvements, with the assent of the vendor, it is not within the Statute of Frauds : and in such case, if the vendor bring ejectment, the jury ought to find a conditional verdict:" McGibbony *v.* Burmaster, 3 P. F. Smith 332. There, as here, a deed had been written, and the present chief justice said that, " though not executed, it plainly evidenced the terms of the contract." A series of facts appeared on the trial of this cause in

[Hart *v.* Carroll.]

which the jury might have found a sustainable contract adequately proved, and under proper instructions the adjustment of the value of those facts ought to have been left to them.

Judgment reversed, and a *venire facias de novo* awarded.