## W. R. Smith *v.* J. M. Hine, Appellant.

*Evidence—Reputation of witness for veracity.*

When at the trial of a cause the character of a witness is shown in order to affect his credibility, the question is whether he then told the truth. It is his character at the time he testified that is under investigation, and this is to be established by evidence of his general reputation at that time, and not his reputation at a time prior to the commencement of the suit, which may be a period remote from that at which he testifies.

On an issue to determine the validity of a judgment, where two years have expired between the application for the issue and the trial, it is error to limit the inquiry as to the reputation of a witness whose character for veracity has been attacked, to a period of time prior to the filing of the petition to open the judgment.

*Evidence—Reputation of witness for veracity—Question for jury.*

When the character of a witness for truth and veracity is attacked, if it should appear from the evidence that his connection with the controversy on trial had become the subject of conversation and discussion in the neighborhood in which he lived, and that the reputation testified to was founded upon the expression of partisan opinions by those who had taken sides in the dispute, such facts may be considered by the jury in determining the weight to be given to the testimony for and against his character, but it is not ground for its exclusion.

*Evidence—Stenographer's notes—Deposition—Act of May 22, 1887.*

The official stenographer's notes of the testimony of a witness taken at a former trial of the same issue, are not a deposition, and if the stenographer is not sworn, they are not "properly proven notes of the examination" as required by section 9 of the act of May 24, 1887, P. L. 199.

Argued Oct. 20, 1896. Appeal, No. 153, Oct. T., 1896, by defendant, from judgment of C. P. Indiana Co., March T., 1894, No. 323, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Issue to determine the validity of a judgment. Before
HARRY WHITE, P. J.

At the trial the plaintiff having called C. O. Wachob as a
witness, the defendant undertook to impeach him by proof of
his general reputation for truth and veracity. The testimony
being objected to by plaintiff's attorneys, the court made the
following ruling:

We will confine the inquiry as to the character of Mr.
Wachob for truth and veracity prior to the commencement of
the trouble about the note. It seems the trouble commenced
judicially in court in February, 1894. Mr. Wachob seems to
be a party, that is to say he is involved in this proceeding;
while not in this particular issue, still, for the purposes of this
inquiry, we think he is a party, and we will confine the ex-
amination to prior to the trouble about this note. To which
ruling the defendant's counsel ask a bill of exceptions, and one
is accordingly sealed. [1]

The plaintiff having called H. P. Sandles, a witness, in sup-
port of the character of C. O. Wachob, defendant's attorneys,
on cross-examination, proposed to ask this witness what his
(Wachob's) general reputation for truth in the community is
now. This for the purpose of affecting the credibility of C. O.
Wachob.

By the Court: For the reasons we gave heretofore on a simi-
lar proposition, we overrule this. The proper test is, what was
the reputation for truth and veracity prior to the trouble which
was the subject-matter of the contention. This is on the prin-
ciple that the partisan of one side or the other may talk about
a man, and it is regarded as unfair in the logic of the law of
evidence to affect a man's testimony by the reputation made
after the trouble in inquiry had occurred, and we fix a date to
this. The proper test, possibly, would be when the trouble
commenced.

Objection overruled, and bill sealed to the defendant. [2]

The plaintiff having shown that John Lewis resided in West-
moreland county, his attorneys asked leave to read the short-
hand notes of testimony of John Lewis, taken at the trial of
this case, September 25, 1895.

By the Court: The whole intent of our rule of court and
practice in this behalf is to take the deposition of witnesses out

of the county, unless some special cause be shown.  We have the deposition of this party here.  The testimony is that he resides out of the county, and we have no power to exclude it.

Mr. Taylor: We object to the testimony because it is not the kind ` of deposition which is contemplated by the rules of the court.

By the Court: There couldn't be anything more satisfactory than the testimony of witnesses taken in open court, where there is opportunity for cross-examination.  We think it comes within the spirit of the rule relating to the taking of depositions.

Objection overruled, and bill of exceptions sealed to the defendant. [8]

Verdict and judgment for plaintiff for $1,776.50.  Defendant appealed.

*Errors assigned* among others were (1, 2, 8) rulings on. evidence, quoting the bills of exceptions.

*D. B. Taylor*, with him *S. M. Jack* and *Wm. T. Cline*, for appellant.—When the court limited " the inquiry as to the character of Mr. Wachob for truth and veracity prior to the commencement of the trouble and about the note," the plaintiff had an undue advantage.  He was enabled to make an appearance of supporting the character of C. O. Wachob for truth, which he could not have done if the inquiry had been as to the time when he testified.

The plaintiff knew that Lewis had no residence in Indiana county, and if he desired his deposition to be used at the trial, he should have taken a rule, given notice, had the deposition taken by a competent officer, and filed in the court as the rules of court require.  The testimony of Lewis was too important to be permitted to reach the jury in a manner not authorized by law.

*J. N. Banks*, with him *M. C. Watson* and *Frank Keener*, for appellee.—The defendant had all the advantage and more than he was entitled to in the inquiry into the reputation of Wachob for truth.  Even if there was error in the ruling of the court in relation to this matter, it was error without injury to the defendant, and he has no cause for complaint.  This court has

held in a number of cases, that it will not reverse for error by which the appellant was not injured : Worrall v. Pyle, 132 Pa. 529 ; Trust Co. v. Gray, 150 Pa. 255.

The court allowed the stenographer's notes after having heard testimony showing that Lewis resided out of the county. · The defendant's counsel objected to the testimony, " because it is not the kind of deposition which is contemplated by the rules of the court." The court admitted the testimony and it was read by the stenographer from his notes. The only objection taken to the testimony was, " that it was not the kind of deposition which is contemplated by the rules of court." There was no objection to the testimony on any other ground ; nor was it suggested that there should be a copy of the same made and filed, or that a copy of the same should be certified by the clerk or prothonotary of the court, under seal of the court. The defendant is not now in position to object to this testimony on other grounds than those contained in his exceptions to its admission. In any event, however, this testimony was properly admitted, and there could be no objection to it, when the party whose deposition was read, resided out of the county : Fidler v. Hershey, 90 Pa. 363.

OPINION BY MR. JUSTICE FELL, January 4, 1897 :

Generally when evidence of character is received as tending to establish the innocence of a person charged with crime the inquiry is limited to the time when, or prior to which, the alleged offense ·was committed, and the same limitation is observed in civil cases where the character of a party to the suit is an element to be considered in estimating damages. The character of the accused prior to the charge of crime is often important in determining the question of guilt, and it may of itself be sufficient to create the reasonable doubt which should work an acquittal. When damages are claimed for injury to character, the value of the character alleged to have been injured may properly be considered. In these cases it is character at the time of the alleged offense, or character at the time of the alleged injury, that may be taken into consideration and that may be proved.

When at the trial of a cause the character of a witness is shown in order to affect his credibility the question is whether

he then told the truth.   It is his character at the time he testifies that is under investigation, and this is to be established by evidence of his general reputation at that time, and not his reputation at a time prior to the commencement of the suit, which may be a period remote from that at which he testifies.

In this case the action came to trial more than two years after the issue had been asked for, and all inquiry as to the reputation of the witness whose character for veracity had been attacked was confined to a period of time prior to the filing of the petition to open the judgment.   It does not appear that his connection with the controversy had become the subject of conversation or discussion in the neighborhood in which he lived, and that the reputation testified to was founded upon the expression of partisan opinions by those who had taken sides in the dispute.   If this had appeared it might have been considered by the jury in determining the weight to be given to the testimony for and against him, but it would not have been ground for its exclusion.   We have not been referred by counsel on either side to any authorities upon the subject, and we are not aware that the question has been decided in this state, but we find that the conclusion which we have reached is in harmony with the decisions in a number of other states : Mask v. State, 3 Miss. 77 ; Fisher v. Conway, 21 Kansas, 25 ; Stratton v. State, 45 Ind. 468; Willard v. Goodenough, 30 Vermont, 393.

Under objection the official stenographer of the court was allowed to read his notes of the testimony of a witness taken at a former trial of the same issue.   The witness resided in an adjoining county, and the reading of the notes of testimony was permitted on the ground that they were a deposition.   They were the short-hand notes of the stenographer made during the examination of the witness.   They were not a deposition, and as the stenographer was not sworn they were not "properly proven notes of the examination" as required by the 9th section of the act of 1887.

The first, second and eighth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.