Caroline Matthews, Appellant, *v.* Clara J. Matthews et al.

*Ejectment—Evidence—Party dead—Act of* 1887.

Where plaintiff claims title in ejectment by a deed from a man now dead and the defendants by a parol gift from him, one of the defendants may not make herself a competent witness by a deed conveying or releasing her interest to her minor children who are also codefendants.

*Gift of land—Parent and child—Statute of frauds—Evidence.*

A father in Pennsylvania may make a parol gift of land to a child; to establish such gift and take the transaction out of the operation of the statute of frauds, evidence is admissible where the parol contract is precise as to the terms of the subject-matter and the donee has taken possession in pursuance of it and made valuable improvements with the assent of the donor. Evidence of the declarations of the donor, in such a case, is admissible.

Argued April 25, 1899.   Appeal, No. 146, April T., 1899, by plaintiff, from judgment of C. P. No. 2, Allegheny County, Jan. Term, 1897, No. 144, on verdict for defendants.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by W. W. PORTER, J.

Ejectment.   Before FRAZER, J.

It appears from the record that this was an action of ejectment brought by Caroline Matthews to recover possession of a certain lot of ground in the possession of Clara J. Matthews and Myrtle and Winonia Matthews, widow and minor children of Edward B. Matthews, deceased.   Defendants claimed title to the same by parol gift from Lewis Matthews, husband of the plaintiff and father of Edward B. Matthews, the husband of Clara J. Matthews who was the father of the minors, supposed to have been made about 1879, during the lifetime of both father and son.   Plaintiff claimed title by deed of Lewis Matthews dated September 9, 1882, conveying a certain property, including the land in question.   Lewis Matthews disappeared about the year 1888, and as the court charged, is presumed to be dead.   There was also evidence tending to show that defendants had entered into possession about the time of the alleged gift, remained in possession ever since and had put a certain amount for improvements upon the property.

[At the trial the judge admitted testimony under objection of the plaintiff of Clara J. Matthews, one of the defendants, under the following circumstances : Mrs. Matthews testified to conversations having occurred in the lifetime of Lewis and Edward B. Matthews, and in order to qualify her as a witness a paper was produced in court at the trial, which was alleged to have been a deed for her interest in the property in question to her minor children.    This paper was not proven, not identified, and the record not amended, and the paper not offered in evidence.    Mrs. Matthews did not disclaim title of record or pay costs or give security as provided by the Evidence Act of May 23, 1887, P. L. 158, sec. 5, clause *e.*] [9]

There was other testimony by other parties tending to show a parol gift of the land in question from the then owner, Lewis Matthews, to Edward B. Matthews, father and husband of defendant.

[The court refused binding instructions for plaintiff,] [2] and left the question to the determination of the jury whether the plaintiff was entitled to recover under the evidence.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* among others were (2) refusal of binding instructions for plaintiff.    (9) Admission of testimony of Clara J. Matthews, reciting same.

*S. W. Cunningham,* of *Chantler, McGill & Cunningham,* with him *T. C. Jones,* for appellant.—The Supreme Court has, time and again, deprecated and lamented the introduction of exceptions to the statute of frauds and perjuries : Erie v. Knowles, 117 Pa. 77.

Witnesses must have heard the bargain when it was made, or must have heard the parties repeat it in each other's presence : Derr v. Ackerman, 182 Pa. 591.

Every presumption is against the claim : Ackerman v. Fisher, 57 Pa. 457 ; Derr v. Ackerman, 182 Pa. 591.

The least measure of performance which will suffice to take the case out of the statute of frauds is the making of permanent improvements of some considerable value, which are not capable of compensation in damages recoverable in an action for breach of contract: Eberly v. Lehman, 100 Pa. 542.

Now, the improvements in this case were small and of a trifling value.

The principle is well established that where the benefit to the donee by the possession of the land has exceeded the expenditure upon it, the case is not taken out of the statute of frauds: Wack v. Sorber, 2 Wh. 387.

Now, if the evidence was insufficient to justify a chancellor in decreeing specific performance, binding instructions should have been given the jury to find for the plaintiff, as requested in our second point: Poorman v. Kilgore, 26 Pa. 365; Irwin v. Irwin, 34 Pa. 525; Sample v. Horlacher, 177 Pa. 247.

*E. P. Douglass*, for appellee.—We have the testimony of five witnesses that heard the declarations of Lewis Matthews when the parties were face to face, and the testimony of two others who heard his declarations in the absence of the son, and all agree that the father declared that he had given to the son the ground in the rear of his lot, on which he had built, or was building a house.

Any incompetent witness may make himself competent by releasing or extinguishing his interest in good faith. The question of good faith is to be determined by the trial judge.

In this case the testimony shows that the matter of the release was brought to the notice of the court. The deed of release was presented to the court. It has since been recorded as promised by the defendant's counsel.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899:

We must sustain the ninth assignment of error. The testimony of Clara J. Matthews should not have been admitted. This is a suit in ejectment. She is one of the defendants named in the writ. The plaintiff claims by a deed from a man now dead; the defendants by a parol gift from him. By section 5, *e*, of the act of May 23, 1887, she might have made herself a competent witness by disclaiming of record any title to the premises in controversy at the time the suit was brought and by paying into court the costs accrued at the time of disclaimer or giving security therefor. This she did not do, but executed a deed conveying or releasing her interest to her two minor children who were codefendants. It is contended that by so

doing she was made competent under section 6 of the same act providing in respect to a person incompetent under section 5 by reason of interest, and called to testify against interest, that " such person shall also become fully competent for either party by a release or extinguishment in good faith of his interest, upon which good faith the trial judge shall decide as a preliminary question."

The witness says : " Q. Have you released your interest in this property ? A. I have released all that, all my interest in this property to my orphan children. . . . I delivered my deed to W. P. Wampler their guardian. Q. When you speak about him being their guardian, he is their guardian in this case? A. Yes, sir." This was done the day preceding. This was not a release nor an extinguishment within the meaning of the act as it has been construed in Darragh v. Stevenson, 183 Pa. 397. The deed carried the interest of the mother to the children, codefendants. It was not a release, as it was not made to the party against whom the claim is asserted nor for his benefit. It was not an extinguishment, for the full claim is still in existence with no change but a transfer to the two remaining claimants. Quoting from Mr. Justice MITCHELL, " The words used in the statute if taken in their strict meaning would require that the witness's interest in the subject should be effectually terminated not only as to himself but as to the other party against whom he is about to testify. This result is fully implied in the words, release and extinguishment. An assignment is altogether different. It terminates the claim only so far as the witness himself is concerned, leaving it in full force as to the party charged by it."

Futhermore it may be added that the same case is authority for holding the document insufficient to make the witness competent because not executed in good faith, as the conclusion is well nigh irresistible that its purpose was to evade the disqualification and give an advantage " which the statute intends to prohibit."

The remaining assignments are to the refusal of the court to give binding instructions for the plaintiff, and to the admission of evidence of declarations of Lewis Matthews showing a gift to his son, through whom the defendants claim title. If the evidence was admissible the case must have gone to the jury.

It was supplied by witnesses who testified that Lewis Matthews had in the presence of his son, the donee, and of the witnesses said, that he had given the real estate in dispute to his son, using the past tense of the verb and referring to a past transaction. Two other witnesses testify that with both the alleged donor and donee of the land present, the former used the present tense of the verb,—one witness giving the words as " I give this to Ed.," the other " I give Ed. this ground to build himself a house. I want to help Ed. along."

A father may in Pennsylvania make a parol gift of land to a child. The proof must however be direct, positive, express, and unambiguous to take the transaction out of the operation of the statute of frauds: Erie v. Knowles, 117 Pa. 77. But " rigid as the rules are that are prescribed for this class of controversies it is still the law that where a parol contract of sale is precise as to the terms and subject-matter and the vendee has taken possession in pursuance of it and made valuable improvements with the assent of the vendor, it is not within the statute of frauds :" Hart v. Carroll, 85 Pa. 508.

In view of the long undisputed possession of the property by the donee and his family, of the unopposed receipt of the rentals and of the expenditure of moneys for improvements, we are of opinion that the declarations of the donor both in words indicating a present gift and in words indicating a past and completed gift were admissible in evidence. Many of the cases discuss the effect of such evidence without criticism of its admissibility, but in Sower's Administrator v. Weaver, 84 Pa. 262, 269, Mr. Justice GORDON speaks thus of evidence of a declaration in the latter form: " This declaration, made as it was when the parties were face to face, accompained by the act of the assessment of the land to the defendant by the direction of the one and the assent of the other of the parties, was not merely corroborative but direct, independent and primary evidence of the gift."

We are of opinion that the evidence of the declarations of the donor is admissible, and that there was sufficient proof of the gift of the quality required by the law to require the case to go to the jury on the credibility of the witnesses under proper instructions. As the case must go back for trial further discussion of the merits involved would be inappropriate.

The ninth assignment of error is sustained and the remaining assignments are dismissed.

The judgment is reversed and a venire facias de novo is awarded.