## Martin's Petition

*Charles C. Lark*, for petitioners.
*S. L. Gribbin*, for respondents.

TROUTMAN, J., January 13, 1947.—David Martin and Helen Martin presented their petition to the orphans' court praying that they be granted specific performance of a contract for the sale of real estate between James A. Welsh and themselves. The contract consists of two receipts, one dated August 8, 1942, which purports to be a receipt for $100 on account of the purchase price of Lot Seven in Block 53 in Ferndale Addition in the Township of Coal, Northumberland County, Pa., which further provides that the balance of the purchase money, $200, be paid within

60 days from the date of the receipt when a deed free and clear of all liens and incumbrances would be delivered, signed by J. A. Welsh; and the other dated October 16, 1942, which purports to be a receipt for $200 as the balance in full for purchase price of Lot Seven in Block 53, Ferndale addition, signed by J. A. Welsh. In the second receipt it states that "deed will be delivered as soon as possible".

J. A. Welsh died testate, wherein and whereby he appointed Mary E. Welsh executrix of his last will and testament and gave her all of his property. The will was duly probated and Mary E. Welsh, his widow, was appointed his executrix. Mr. Welsh died in 1943.

The lot in question, together with other lots, was owned in common by J. A. Welsh, who owned the undivided one half thereof, the estate of J. P. McCormick, who owned the undivided one fourth thereof and the estate of John O'Gara, who owned the undivided one fourth thereof. While the testimony does not indicate the dates of the deaths of J. P. McCormick and John O'Gara, the records of the register of wills indicate that they were both deceased prior to the execution of the receipts. There was some testimony that Mr. Welsh acted as the agent for the heirs of the other owners of the property.

Section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §2249, provides:

"The jurisdiction of the several orphans' courts, whether separate or otherwise, shall extend to and embrace: (i) the specific execution of contracts made by decedents to sell and convey any real estate of which such decedents shall die seised, and of contracts made by decedents to purchase any real estate."

Section 18 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §611, provides:

"Where any person shall have, by contract in writing, agreed to sell and convey any real estate in this

Commonwealth, and died seised or possessed thereof, or of an undivided interest therein; or where any person shall have purchased, in writing, any real estate in this Commonwealth, and died without paying the purchase-money therefor; it shall be lawful in all such cases for the executor or administrator of the deceased vendor, or for the vendor when the purchaser may have died, or for the purchaser of such real estate, or, when he has died, for his executor or administrator, or for any other person interested in such contract, to petition the orphans' court having jurisdiction of the accounts of the executor or administrator of the deceased vendor, or the deceased purchaser, as the case may be, setting forth the facts of the case. After due notice of such petition to the persons interested, according to the nature of the proceeding, to appear in such court on a day certain and answer the petition, such court shall have power, if the facts be sufficient in equity,—no sufficient cause being shown to the contrary,—to decree specific performance of such contract according to the true intent and meaning thereof."

According to the record, a citation was served upon Mary E. Welsh and upon all of the heirs of J. P. McCormick, deceased, and John O'Gara, deceased. There was no appearance entered by any of respondents in the citation and they were not represented by counsel. The record indicates that all of respondents were properly served with the citation.

The testimony disclosed that there was a valid contract to sell the premises in question, signed by J. A. Welsh or James A. Welsh, consisting of two written receipts and presents to the court a contract such as equity would enforce specifically. Vendee has paid the full purchase price and the receipts having been signed by vendor and delivered to and accepted by vendees, created a binding contract specifically enforcible by vendees. See Sylvester v. Born et al., 132 Pa. 467.

J. A. Welsh died seised of an undivided one-half interest in the premises. Both J. P. McCormick and John O'Gara, who were the holders of the other undivided one-half interest, had died prior to the making of the contract of sale and at that time their interests had already descended to their heirs. Consequently, in this proceeding, the orphans' court has limited jurisdiction as to those contracts for the sale of real estate of which the person died seised or possessed and can only decree specific performance as to any interest which vendor, J. A. Welsh, may have had in the premises, which is an undivided one-half interest.

It has been determined again and again that the orphans' court is a court of limited jurisdiction (Brinker v. Brinker, 7 Pa. 53, 55), exercising only such power as is given it by statute expressly or by necessary implication; and that while proceedings in the orphans' court are modeled on those in a court of equity and can proceed according to equity practice, it has no general equity jurisdiction: Estate of Lena Hartzell, 114 Pa. Superior Ct. 190, 192. Consequently, the orphans' court has no jurisdiction to enter any decree against the heirs of J. P. McCormick, deceased, and John O'Gara, deceased, in this proceeding, for the performance of this contract for the sale of real estate, it having been made subsequent to their deaths.

We are of the opinion that a decree of specific performance should be entered as to the undivided one-half interest of which the said J. A. Welsh died seised.

## Decree

And now, to wit, January 13, 1947, it appearing that a valid contract of sale of certain real estate located in the Township of Coal, County of Northumberland, State of Pennsylvania, existed between petitioners, David and Helen Martin and J. A. Welsh or James A. Welsh at the time of his death for the conveyance of the undivided one-half interest of said decedent in said

premises and that the full purchase price for the said property had been paid by said petitioners, and that petitioners are entitled to specific performance of said contract:

It is hereby ordered, adjudged and decreed that the said Mary E. Welsh, executrix of the estate of J. A. Welsh or James A. Welsh, deceased, execute, acknowledge and deliver to the said David Martin and Helen Martin, a deed in fee simple for the undivided one-half interest of said decedent in Lot Seven in Block 53, in Ferndale Addition in the Township of Coal, County of Northumberland, State of Pennsylvania, free of all liens and encumbrances.