Godding *v.* Swanson, Appellant.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent)..

576

*Harold S. Hampson*, for appellants.

*John H. Stewart*, with him *Thomas E. Doyle*, for appellees.

OPINION BY HIRT, J., July 14, 1953:

Plaintiffs, asserting title to 57½ acres of Lot 669 in Cherry Grove Township, Warren County, brought this action in ejectment complaining that the defendants were wrongfully in possession of 8 acres within the boundaries of the above tract.

Plaintiffs claimed under a paper title and the defendants under a tax sale and county treasurer's deed. In a former appeal of this case (165 Pa. Superior Ct. 193, 67 A. 2d 814) it was decided that the common source of title was Anna Deshner Hackathorne. Devisees under her will conveyed the tract, including the 8 acres here in dispute to O. M. Borden by deed dated September 28, 1937, and duly recorded. In the present trial there was evidence that Borden and his wife conveyed the whole tract to C. J. Cooper by deed dated July 22, 1938. The deed, as recorded, contains the name of Mary McBee as an additional grantee and in the court below it was conceded that her name had been inserted, after the delivery of the deed to Cooper by the Bordens. At the present trial this deed was excluded as evidence of title on the ground of a material altera-

tion after delivery. By deed dated November 20, 1940, C. J. Cooper and Mary McBee, then both single, conveyed the whole tract to E. H. Beshlin. The deed was not recorded until October 10, 1942 when, on that date, Beshlin and his wife deeded the tract of 57½ acres to plaintiffs, husband and wife, by entireties.

The defendants proved a sale of "Lot No. 669 and containing 57½ acres" for unpaid county taxes assessed in the name of "Anna Hackathorne Est." and a conveyance to W. J. Knupp, by treasurer's deed dated September 4, 1939. Knupp on November 3, 1941 quitclaimed his interest in the land to C. J. Cooper by deed duly recorded. And by deed dated June 4, 1942, Cooper and his then wife (notwithstanding his prior conveyance with Mary McBee to E. H. Beshlin, above referred to) quitclaimed the eight acres of land here involved to the defendants. Upon these conveyances defendants rested their defense to plaintiffs' claim of title.

In the trial below the jury found in favor of the plaintiffs for the 8 acres of land described in their complaint. The verdict was based upon special findings of the jury from the evidence, in response to specific questions submitted to the jury by the trial judge, to this effect: O. M. Borden in July 1938 was in possession of the whole tract, including the disputed 8 acres of land, when he passed title to C. J. Cooper; so also C. J. Cooper was in possession of the same land on November 20, 1940 when he conveyed the tract (by deed in which Mary McBee joined as grantor) to E. H. Beshlin; prior to June 4, 1942, when C. J. Cooper and wife quitclaimed the 8 acres to the defendants, both of the defendants had knowledge of the existence of the deed from C. J. Cooper and Mary McBee to E. H. Beshlin, above referred to, dated November 20, 1940, although not recorded until October 10, 1942. Whether there is sufficient competent evidence of a transfer

of title by O. M. Borden to C. J. Cooper in 1938 is the principal question raised by defendants, in this appeal from the judgment entered on the verdict for the plaintiffs by the lower court. The case was well tried and was properly submitted in a charge free from error. The judgment will be affirmed.

In Pennsylvania the rule is that a deed containing an unauthorized material alteration, cannot be received in evidence for any purpose. *Babb v. Clemson,* 10 S. & R. 419, 424; Cf. *Hercules Chemical Co. v. Orlowitz,* 72 Pa. Superior Ct. 21. An instrument containing an unauthorized material alteration cannot be considered void for the unauthorized change and valid in other respects; the instrument is void altogether. *Newman v. Cover et al.,* 300 Pa. 267, 150 A. 595. But although the alteration of a deed, after it became effective by delivery, destroys the deed as evidence of title in a grantee who altered it, yet it does not destroy the estate. It is only the instrument that is rendered void, not the estate. *Withers v. Atkinson,* 1 Watts 236, 249; *Rifener v. Bowman,* 53 Pa. 313. That is the settled rule of law in this State although there is not unanimity in the decisions of other jurisdictions. 2 Am. Jur., Alteration of Instruments, §39.

Where a deed is voided by material alteration, proof of a conveyance vesting an estate in a grantee may be proven by other testimony. *Babb v. Clemson,* supra. Here the plaintiffs, by parol, properly proved the transfer of title to the whole tract including the disputed 8 acres, by Borden to Cooper on July 22, 1938; the payment of the consideration for the transfer by Cooper and its receipt by Borden was also proven and, following the consummation of the sale, the taking of possession of the land by Cooper. The evidence of the sale and transfer of title to the land in question was "direct, positive, express and unambiguous" and it

stands unimpeached. It therefore meets the degree of proof necessary, under the rule of *Kirk et al. v. Ford et ux.*, 330 Pa. 579, 200 A. 26, to overcome the defendants' record title under the evidence in this case. Moreover since the proofs are of an executed purchase and sale of land, the statute of frauds, (the Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1) has no application. *Davis v. Hillman*, 288 Pa. 16, 135 A. 254; *Estate of Lena Hartzell*, 114 Pa. Superior Ct. 190, 173 A. 842. On the strength of plaintiffs' title, as established by competent proofs, the jury properly found in their favor for the land described in their complaint; the defendants therefore are not entitled to judgment in their favor n.o.v.

Mary McBee, a witness for plaintiff at the first trial was dead at the time of the present retrial of the case. Accordingly, parts of her testimony were read by the official court stenographer, when called for the purpose, from a transcript of the proceedings at the first trial, reported by him, and filed on February 11, 1949 as a part of the record of that trial. Since the witness was dead "properly proven notes" of her prior testimony were competent evidence for the plaintiffs in the present trial. Act of May 23, 1887, P. L. 158, 28 PS §327. Defendants' only objection to the reading of her testimony was that the subject matter in this case differed from that in the previous case. The objection on that ground was without merit. There was an amendment to plaintiffs' complaint after the first trial but the subject matter remained precisely the same, viz: title to the same 8 acres of land.

Now for the first time defendants assert that the testimony of Mary McBee was improperly received in the present trial of this case because the official court stenographer, who originally reported her examination and made the transcript of her testimony, was not

sworn. On this ground defendants seek a new trial on the authority of *Smith v. Hine,* 179 Pa. 203, 36 A. 222. In that case, although the stenographer was not sworn, it may be noted that objection was specifically made on the ground that the notes of testimony do not constitute a deposition. Here, since there was a single specific objection to the reading of the testimony, all reasons not enumerated in the objection, including the contention that the stenographer was not sworn, may be taken to have been waived. *Walker v. Walker,* 254 Pa. 220, 98 A. 890; *Murray v. Frick et al.,* 277 Pa. 190, 195, 121 A. 47; *Williams v. Wolf,* 169 Pa. Superior Ct. 628, 84 A. 2d 215; *Huffman et al. v. Simmons et al.,* 131 Pa. Superior Ct. 370, 200 A. 274. Cf. 58 Am. Jur., Witnesses, §550. But although the stenographer was not sworn the former testimony of Mary McBee was properly received on other ground. Her testimony was a part of the official record before this court in the prior appeal of this case, and it was certified to us as such by the official stenographer and by the trial judge. Accordingly, under §4 of the Act of May 11, 1911, P. L. 279, 12 PS 1199, the transcript must be taken as accurate, since it has not been questioned on that ground, and for that reason the transcript might have been read into the present record even "without the necessity of calling the stenographer as a witness to prove the same". There is no merit in the captious argument advanced by the defendants in seeking a new trial.

Judgment affirmed.