## Godding *v.* Cooper, Appellant.

Argued November 11, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Harold S. Hampson,* for appellants.

*John H. Stewart,* with him *Thomas E. Doyle,* for appellees.

OPINION BY HIRT, J., March 24, 1955:

In this action in ejectment a jury trial was waived and the late ALLISON D. WADE, P.J., who tried the case, found in favor of the plaintiffs, for the land described in the writ. The action involved the title to 48½ acres of tract number 669 in Cherry township in Warren County. A contest over eight acres of the same tract was before us in *Godding v. Swanson,* 173 Pa. Superior Ct. 575, 98 A. 2d 210. Here as in the *Swanson* case the plaintiffs claimed principally under a paper title and the defendants relied upon treasurer's deeds under sales for taxes.

The common source of title was Anna Deshner Hackathorn. Devisees under her will conveyed a part of tract 669 including the land here involved to O. M. Borden by deed dated September 28, 1937 and duly recorded. In the present trial there was evidence that Borden and his wife conveyed the same land to C. J. Cooper by deed dated July 22, 1938. This deed as recorded contains the name of Mary McBee as an additional grantee, and the proofs in this case establish that her name was inserted after the Bordens delivered the deed to Cooper. There is more than a presumption (8 Thompson on Real Property §4236) in this case that C. J. Cooper was a party to the alteration. The circumstances charge him with responsibility for accomplishing it. C. J. Cooper and Mary McBee

then both single, conveyed 57½ acres of the tract, which includes the land in question to E. H. Beshlin, on November 20, 1940. Beshlin and his wife on October 10, 1942 conveyed the same land to plaintiffs George Godding and Anna M. Godding, his wife.

The land had been assessed for the year 1937 in the name of Anna Hackathorn Estate and was sold for unpaid taxes on August 7, 1939 at county treasurer's sale to W. J. Knupp. On August 11, 1941, the land was again sold at treasurer's sale to W. J. Knupp for unpaid taxes assessed in 1939 in the name of C. J. Cooper. On November 3, 1941, W. J. Knupp conveyed his interest in the land which he acquired on tax sales, to C. J. Cooper. The defendants assert title to the land as widow, and son and heir of C. J. Cooper, deceased. In *Godding v. Swanson,* supra, the defendant Swanson also relied on a conveyance from the same Cooper of the tax title which he acquired from Knupp.

At the trial of the present case the trial judge refused to admit in evidence the deed from O. M. Borden et ux. to C. J. Cooper dated July 22, 1938, because of its material alteration after delivery by the addition of the name of Mary McBee as a grantee. It is the present appellants' contention that on the elimination of that conveyance from plaintiff's chain of title, the plaintiffs are not entitled to prevail as against their tax title derived from the same C. J. Cooper.

In *Godding v. Swanson,* supra, p. 578, we referred to the principle upon which the trial judge in the present case refused to admit in evidence the deed from the Bordens to C. J. Cooper because of the unauthorized addition of Mary McBee as a grantee. But we also held that Cooper's estate was not destroyed when the deed as altered became ineffective as evidence of title in Cooper as grantee. What we there said is equally applicable here. Where a deed is voided by a mate-

rial alteration proof of the vesting of an estate in a grantee may be proven by other testimony. *Babb v. Clemson,* 10 S. & R. 419, 424; Cf. *Hercules Chemical Co. v. Orlowitz,* 72 Pa. Superior Ct. 21. Whether the testimony in this case establishes a conveyance of Borden's estate in the land to C. J. Cooper is the single question in this appeal. There is competent evidence in this record as a whole, of the transfer of the land to Cooper and the receipt by Borden of the purchase price. There is also evidence that C. J. Cooper went into possession and lived in the dwelling house on the land until he conveyed the tract to E. H. Beshlin. Contrary to the appellants' contention, the facts elicited from O. M. Borden on cross-examination, when called by the defendants was competent evidence on the question of the transfer of his estate in the land to C. J. Cooper. The cross-examination in our view was not improper since it merely elicited from the witness further elements in the transaction which had not been brought out by the examination in chief. Cf. *Valles v. Peoples-Pittsburgh Tr. Co.,* 339 Pa. 33, 13 A. 2d 19. The evidence of the sale and transfer to Cooper of Borden's estate in the land was "direct, positive, express and unambiguous" and it stands unimpeached, thus meeting the degree of proof necessary under the standard prescribed in *Kirk et al. v. Ford et ux.,* 330 Pa. 579, 200 A. 26.

Judgment in favor of plaintiffs, for the land described in the writ, affirmed.