J-A25021-14

2014 PA Super 262

| TANYA HELENA TECCE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOHN MICHAEL HALLY | |
| Appellee | No. 495 EDA 2014 |

Appeal from the Order Entered January 14, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No.: 2008-008805

BEFORE: DONOHUE, J., WECHT, J., and PLATT, J.*

OPINION BY WECHT, J.:                               Filed: November 21, 2014

Tanya Tecce ("Wife") appeals the January 14, 2014 order that granted

in part and denied in part her petition to enforce the trial court's equitable

distribution order. The hearing on the petition was profoundly flawed.

However, we are constrained to affirm.

The trial court offered the following summary of the factual and

procedural history of this matter:

> Wife filed a Complaint in Divorce on July 1, 2008, which
> contained, *inter alia*, Count I Request for a No Fault Divorce
> Under Section 3301(c) and/or (d) of the Divorce Code, Count II
> Request for Equitable Distribution of Marital Property Under
> Section 3502(a) of the Divorce Code, and Count III Request for
> Spousal Support and/or Alimony *Pendite* [*sic*] *Lite* and Alimony
> Under Section 3701 of the Divorce Code.

---

* Retired Senior Judge assigned to the Superior Court.

On January 26, 2009, [John Halley ("Husband")] filed his Affidavit of Consent under Section 3301(c) of the Pennsylvania Divorce Code, and on February 11, 2009, Wife did the same. The parties went before Divorce Hearing Officer Donald W. Lehrkinder, Sr., Esq. on January 19, 2010. Hearing Officer Lehrkinder filed his Report and Recommendations on November 9, 2010. Judge Durham signed an Amended Order to the Report and Recommendations on February 23, 2011 and it was filed on February 24, 2011.

On December 7, 2012, Wife filed a Praecipe to Transmit the Record, seeking that the Court enter a divorce decree. On January 13, 2013, [the trial court] signed a Decree and Order divorcing the parties, and it was filed on January 25, 2013.

On November 8, 2013, Wife filed a Petition for Enforcement, requesting the Court to direct Husband to sign a Deed transferring the marital residence in Wife's name only, so that she may sell said residence, to enforce the alimony provision of the parties' Equitable Distribution Order, to distribute child support arrears to Wife, and for counsel fees.

The Court held a hearing on January 9, 2014 on Wife's Petition. The hearing consisted of legal argument by counsel for both parties, and also of statements from both parties. Neither party received an oath before placing statements on the record. Husband's counsel did not dispute that the parties' Equitable Distribution Order required Husband to Pay Wife alimony in the amount of $200 per month for a term of thirty months. Further, Husband's counsel did not dispute that Husband never made said alimony payments. However, Husband's counsel [argued that] the alimony provision of the parties' Equitable Distribution Order is no longer enforceable against Husband.

Trial Court Opinion ("T.C.O."), 5/5/2014, at 3-4 (footnote and citations to notes of testimony omitted).

On January 14, 2014, the trial court entered an order that: required Husband to cooperate with the sale of the marital residence, but did not order him to sign over title to Wife; found that the parties entered into a verbal agreement that Husband would keep Wife on his health insurance in

exchange for Wife foregoing alimony payments; denied Wife relief with regard to child support arrears without prejudice to Wife seeking relief with the child support section of the court; and denied Wife's request for attorney's fees in connection with the enforcement petition.

On February 10, 2014, Wife filed a notice of appeal. On February 12, 2014, the trial court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Wife timely complied. On May 5, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion.[1]

Wife raises four issues for review:

1. Did the Trial Court abuse its discretion in failing to conduct a full evidentiary hearing with sworn testimony and offers and admission of documentary and other evidence, thus depriving [Wife] of a full and fair hearing on her Petition for Enforcement of the terms of the parties' divorce?

2. Did the Trial Court abuse its discretion in depriving [Wife] of the ability to meaningfully cross-examine or otherwise challenge [Husband's] statements, when said statements were not received under oath, and no opportunity for cross-examination was offered?

3. Was the Trial Court's finding of an "enforceable verbal agreement" supported by the evidence, where as there was no "evidence" to consider, and the Court based its findings on

---

[1] Husband's counsel sought to withdraw as counsel in a motion filed with this Court on June 23, 2014. Counsel's motion was granted and Husband was given leave to file a *pro se* brief. However, Husband did not file a brief and did not appear at oral argument.

nothing more than the unsworn statements of [Husband] and his counsel?

    4. Did the Trial Court abuse its discretion where the substance of [Husband's] unsworn statements was insufficient to support the Court's findings that [Wife] had bargained away her right to post-divorce alimony in the total aggregate amount of $6,000.00?

Wife's Brief at 5-6.[2]

All of Wife's challenges relate to the method by which the trial court conducted the hearing. After reviewing the record, we agree that the hearing was deficient.

Rule of Evidence 603 requires that witnesses be sworn before providing testimony:

Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.

Pa.R.E. 603. Here, a review of the record proves that neither Husband nor Wife was administered an oath prior to providing their statements. ***See*** Notes of Testimony ("N.T."), 1/9/2014, at 3-12. Moreover, the trial court acknowledged as much. T.C.O. at 4. "Without an administration of an oath to a witness, the taking of testimony is meaningless." ***Commonwealth ex.***

---

[2] We note that Wife cited and appended an unpublished, non-precedential memorandum opinion of this Court in her brief. Wife's Brief at 12-13, 14, 15. However, a non-precedential memorandum may not be cited. ***See*** 210 Pa. Code § 65.37 ("An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding" with two exceptions that do not apply here.)

***rel. Freeman v. Superintendent of State Corr. Inst. at Camp Hill***, 242 A.2d 903, 908 (Pa. Super. 1968).[3]  Husband's and Wife's "testimony" was a nullity.  The lack of an oath means that there *was* no testimony.  There was no record evidence upon which the trial court could support its order.

The error of failing to administer an oath was compounded by the fact that neither party was subject to cross-examination.

> The right of a litigant to in-court presentation of evidence is essential to due process; in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.

***M.O. v. F.W.***, 42 A.3d 1068, 1072 (Pa. Super. 2012).  In this case, the trial court conducted a haphazard proceeding in which the parties' attorneys offered argument, peppered with interruptions by the judge and by the parties as they ventured thoughts or provided explanations.  Neither Husband nor Wife had the opportunity to cross-examine the other party. While "[t]he scope of cross-examination is within the sound discretion of the trial judge," ***Cacurak v. St. Francis Med. Ctr.***, 823 A.2d 159, 167 (Pa. Super. 2003), the trial court may not dispense with cross-examination altogether.

---

[3]  We recognize that ***Freeman*** involves the rights of juveniles in delinquency proceedings, a fact of which the learned concurrence reminds us.  Conc. Op. at 4-5.  However, we cite ***Freeman*** for the general proposition that testimony must be sworn in compliance with Pa.R.E. 603 and 42 Pa.C.S.A. § 5901.

The trial court here purported to make credibility determinations based upon this "testimony." T.C.O. at 7-9. It is axiomatic that credibility determinations must be based upon actual testimony. Because there was no oath, no competent testimony was presented to the court upon which any credibility determination could be made. Credibility and reliability of witnesses are determined "in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004). Because neither Husband nor Wife had any opportunity to vindicate this essential right, the trial court had no basis whatsoever upon which it could make credibility determinations. When we speak of a judicial proceeding, we speak of a hearing, not a conversation.[4]

However, neither party nor counsel objected to the procedure used by the trial court during this proceeding.[5] We are not free to ignore this

_____

[4] At some length, the concurrence labors to set up – and then proceeds to knock down – a straw man, expounding that the taking of evidence is not required in all judicial proceedings. *See* Conc. Op. at 6-7. Without a doubt, that is true. However, when a trial court purports to make findings of fact and credibility determinations, as it did here, there must be an evidentiary basis upon which to do so.

[5] As the legendary advocate Brendan Sullivan famously observed, lawyers are not potted plants. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1105 (Pa. Super. 2007) ("One is reminded of the quote from Attorney Brendan V. Sullivan in the 1987 Oliver North hearings, when, after he was criticized for making an objection, Sullivan responded, 'I'm not a potted plant. I'm here as a lawyer. That's my job.'"). If and when a trial judge begins to proceed without a record, it is incumbent on counsel respectfully to demand such record. Lawyers and their clients are entitled to expect that trial judges will not take offense when counsel reminds the court of its
*(Footnote Continued Next Page)*

complete absence of objection. It is axiomatic that, to preserve an objection

for appeal, the objection must be raised before the trial court. ***See Green***

***v. Green***, 69 A.3d 282, 288 (Pa. Super. 2013); Pa.R.A.P. 302(a).[6] Parties

may waive rights, even due process rights and other rights of constitutional

magnitude. ***See Tyler v. King***, 496 A.2d 16, 24 (Pa. Super. 1985).

Pennsylvania's appellate courts have held, without apparent exception, that

the failure to object to unsworn testimony subjects a litigant to waiver. ***See***

***City of Philadelphia v. White***, 727 A.2d 627, 629 (Pa. Commw. 1999);

***Morra v. Com., Dep't of Transp., Bureau of Driver Licensing***, 667 A.2d

468, 469 (Pa. Commw. 1995); ***Godding v. Swanson***, 98 A.2d 210, 213

(Pa. Super. 1953).[7]

*(Footnote Continued)* ———————————

obligation to ensure that hearings proceed on a record. From time to time, family law practitioners (and judges) are heard to complain that they are not taken seriously, or are treated as second class citizens in our judicial system. The best antidote to such discrimination is for family law attorneys and judges to practice, and to demand, formality and respect for the rules of evidence and procedure. ***See generally***, David N. Wecht, *The Discipline of Rules*, 29 Pennsylvania Family Lawyer, 138 (2007).

[6] The concurrence helpfully provides a litany of citations to additional precedents applying our waiver doctrine. ***See*** Conc. Op. at 1-3.

[7] Jurisdictions across the United States have held similarly; indeed, the cases are legion. ***See United States v. Odom***, 736 F.2d 104, 114 (4th Cir. 1984); ***United States v. Perez***, 651 F.2d 268, 273 (5th Cir. 1981) ("It has long been the general rule that even a failure to swear a witness may be waived."); ***Williams v. Harris***, 80 So. 3d 273, 278-79 (Ala. Civ. App. 2011); ***Harbit v. Harbit***, 3 So. 3d 156, 160 (Miss. Ct. App. 2009); ***Brown v. Ristich***, 325 N.E.2d 533, 538 (N.Y. 1975); ***State v. Norman***, 738 N.E.2d 403, 412 (Ohio Ct. App. 1999); ***Goforth v. State***, 921 P.2d 1291, 1293 (Okla. Crim. App. 1996); ***Beck v. State***, 619 S.W.2d 205, 214 (Tex. Crim. *(Footnote Continued Next Page)*

A proceeding that is so fundamentally flawed as the one that occurred here offends fundamental fairness and demands correction. The trial court made factual findings and credibility determinations without taking testimony, without receiving evidence and without allowing cross-examination. This was plain error. Moreover, neither party has invoked or even mentioned waiver on this appeal. And yet, we are bound by our precedents to invoke waiver *sua sponte* in this case. Despite the fundamental flaws in the trial court's "hearing," our law is clear. We may not afford relief when no objection has been made. We are constrained to affirm the trial court's order.

Order affirmed.

Judge Platt joins the opinion.

Judge Donohue files a concurring opinion.

---

*(Footnote Continued)* _____

App. 1986); ***Hanson-Metayer v. Hanson-Metayer***, 70 A.3d 1036, 1047 (Vt. 2013). We acknowledge as an outlier an older common pleas court case that holds to the contrary: ***DeWitt v. Oppel***, 14 Pa. D & C.2d 23 (C.P. Cumberland Cty. 1958) (stating that the reasons why an oath is required "are so basic and fundamental to the administration of justice that we have no difficulty in deciding that the requirement of swearing witnesses is not one that may be waived by a party."). Our decisional law is clear that such leniency will no longer be brooked, if ever it was.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014