J-S33039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: K.J., A JUVENILE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.J., A JUVENILE | No. 2969 EDA 2014 |

Appeal from the Dispositional Order August 13, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): JID No. J2012-000908,
Petition No. 2014-000824

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED JULY 14, 2015**

K.J. appeals from the dispositional order imposed by the Court of Common Pleas of Delaware County following his adjudication of delinquency based on indecent assault of a child less than 13 years of age.[1]  Upon review, we affirm.

On May 13, 2014, Emily Rowley of Delaware County Children and Youth Services (CYS) interviewed the victim, S.L., after S.L. indicated to her physical education teacher that her brother, K.J., sexually abused her.  N.T. Adjudicatory Hearing, 7/22/14, at 5, 13.  During the May 13, 2014 interview, S.L. claimed that her brother, K.J., had touched her "pocketbook," (a term she used to describe her vaginal area), under her clothes when she

_____

[1] 18 Pa.C.S. § 3126(a)(7).

was asleep. N.T. Chambers, 7/22/14, at 69-73.[2] On May 28, 2014, Rowley and a police officer interviewed S.L. again. *Id.* at 87. During this interview, S.L. stated that a diagram of the male anatomy looked like K.J., that K.J. "sucks her butt" while she is asleep, and that K.J. touches her with his "thing," referring to his penis. *Id.* at 103, 106-07. S.L. also told the police officer that K.J. needed to go to jail because he gave her a "bad touch." *Id.* at 116. On May 30, 2014, Rowley also interviewed S.L.'s younger brother,[3] who said that at nighttime, K.J. would enter the room that he and S.L. shared, and talk to S.L. and rub her butt with his hands. *Id.* at 139-45. At the time of the assault, K.J. was 14 years of age, S.L. was 9 years of age, and S.L.'s younger brother was 7 years of age. *Id.* at 4, 7, 126.

On July 22, 2014, K.J. was adjudicated delinquent for indecent assault of a person less than 13 years of age. On August 13, 2014, the court placed K.J. on probation, ordered him to move to Baltimore, Maryland to live with his father, and attend a sex offender treatment program. On September 11, 2014, K.J. filed a timely notice of appeal.

---

[2] Two transcripts bear the date July 22, 2014. The first transcript is from the proceedings that took place in the courtroom, and is herein referred to as "N.T. Adjudicatory Hearing, 7/22/14." The second transcript is from testimony that took place in chambers, and is herein referred to as "N.T. Chambers, 7/22/14." It also contains interviews of S.L. and her younger brother that took place in May 2014.

[3] The victim and her younger brother share the same initials, "S.L." Therefore, the victim will be referred to as "S.L." and her younger brother will be referred to as "S.L.'s younger brother."

On appeal, K.J. raises the following issue for our review:

Whether the evidence was insufficient to sustain the adjudication of delinquency for indecent assault since the Commonwealth failed to prove, beyond a reasonable doubt and with competent evidence, that K.J. was the culprit or that he had indecent contact with the complainant, and because no approximate date of the offense was established with any degree of reasonable certainty.

Appellant's Brief, at 5.

This Court has set forth the following standard of review for claims that the evidence was insufficient to support the adjudication:

In reviewing sufficiency of evidence claims, the appellate court must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove[] must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact[-]finder is free to believe all, part, or none of the evidence presented at trial.

*In re K.A.T.*, 69 A.3d 691, 696 (Pa. Super. 2013) (citing *Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011) (internal citations omitted)).

Section 3126 of the Crimes Code defines indecent assault as follows:

**§ 3126.  Indecent Assault.**

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> . . .
>
> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7).

K.J. claims that the evidence is insufficient to prove beyond a reasonable doubt that he indecently assaulted his younger sister, S.L. K.J. claims that: (1) S.L. failed to identify K.J. as the culprit; (2) S.L. never identified what she meant by "pocketbook;" (3) the recorded interviews with S.L. and S.L.'s younger brother, and the diagrams of the male and female anatomy used during the adjudication hearing were never admitted into evidence; (4) two witnesses, S.L. and S.L.'s younger brother, were never sworn in by the judge; and (5) there was no time or date established for when the offense occurred. Appellant's Brief, at 11-12.

First, K.J. claims that S.L. never identified him as the culprit. However, the record reveals that both S.L. and her younger brother saw K.J. enter S.L.'s room at night and touch her indecently multiple times. N.T. Chambers, 7/22/14, at 22, 69, 79-80, 106-08, 112, 120-22, 139-45. S.L. also identified K.J. by first and last name as the person who touched her. *Id.* at 69.

K.J. also claims that S.L. never identified what she meant by "pocketbook," yet when S.L. was being questioned about body parts, she

- 4 -

referred to the vaginal area of the diagram of the female anatomy as her "pocketbook." ***Id.*** at 14. The record clearly indicates multiple times that S.L. referred to the vaginal area as "pocketbook" and that K.J. touched "her pocketbook." ***Id.*** at 14, 64-65, 99, 107-08.

K.J. also argues that the physical copies of the recorded interviews between S.L. and S.L.'s younger brother and CYS, as well as the diagrams of the male and female anatomy, were not admitted into evidence, and therefore, no competent evidence was admitted at the adjudicatory hearing. Appellant's Brief, at 12. Although the physical copies of the recorded interviews were not included as evidence in the record, the recorded interviews were transcribed in the record and available for review. N.T. Chambers, 7/22/14, at 59-146. Similarly, although the diagrams of the male and female anatomy were not admitted into evidence, the record clearly indicates that S.L. referred to the vaginal area of the diagram as her "pocketbook." ***Id.*** at 14.

Next, K.J. argues that neither S.L. nor her younger brother were sworn in by the judge during the adjudication hearing. However, K.J. did not raise this issue at trial. This Court has held that "the failure to object to unsworn testimony subjects a litigant to waiver." ***Tecce v. Hally***, 106 A.3d 728, 732-33 (Pa. Super. 2014). Therefore, because K.J. neglected to object to the trial court's failure to swear in the witnesses, the issue is waived. Pa.R.A.P. 2119(a); ***Commonwealth v. Tha***, 64 A.3d 704, 713 (Pa. Super. 2004).

Lastly, K.J. argues that there is no reliable date or time for when the indecent assault occurred. This Court has found in this circumstance that:

> [i]t is the duty of the prosecution to "fix the date when an alleged offense occurred *with reasonable certainty*. . ." The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense.
>
> However, "[due] process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. Additionally, "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused.

*Commonwealth v. Brooks*, 7 A.3d 852, 857-58 (Pa. Super. 2010) (citing *Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa. Super. 2006)) (internal citations omitted) (emphasis added).

K.J. argues that because the Commonwealth did not provide a specific date on which the indecent assault occurred, he therefore was unable to provide an alibi defense. In *Brooks*, the court found the Commonwealth provided a sufficient timeframe when it proved that the defendant committed multiple sex offenses "during the summer months of 2001." 7 A.3d at 859. In contrast, in *Commonwealth v. Devlin*, the court reversed the appellant's conviction because it found that the crime occurred sometime within a 14-month period and the Commonwealth could not fix a date for when the offense occurred "with reasonable certainty." *Commonwealth v. Devlin*, 333 A.2d 888, 891 (Pa. 1975). In this case, during the May 13, 2014 interview between CYS and S.L., S.L. mentioned that she had "a sore

on [her] butt and it hurt[] a lot." N.T. Chambers, 7/22/14, at 63. Following the logic that S.L. told her teacher and CYS that she had an injury on May 13, 2014, we find that the Commonwealth proved that the indecent assault on S.L. by K.J. occurred on or around May 12, 2014, at nighttime when S.L. was asleep, and that this time is "fixed with reasonable certainty." *Id.* at 63, 73, 109.

Therefore, we agree with the trial court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain the verdict beyond a reasonable doubt. *See In re K.A.T.*, *supra.*. Based upon the record, we can discern no abuse of discretion on the part of the trial court in so finding.

After careful review of the certified record, as well as the briefs of the parties and the applicable law, we conclude that K.J. is not entitled to relief.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015