J-S42026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| YIP Y. WONG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOBBY KAI TUNG LI | |
| Appellant | No. 305 EDA 2015 |

Appeal from the Order January 6, 2015
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): No. D07018407

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Bobby Kai Tung Li (Husband), appeals from the January 6, 2015 order, denying his petition for additional attorney fees in connection with the divorce and equitable distribution action initiated by Appellee, Yip Y. Wong (Wife).  After careful review, we affirm.

The trial court summarized the history of this case as follows.

> By way of very brief summary, the marital property accumulated during this marriage of twenty-eight months duration consisted of nine parcels of real estate purchased either by Wife or in the name of a corporate entity, as well as an increase in value of other property owned by Wife, the total value of which was set by the Master in Divorce at $2,524,627.  Husband's award, as recommended by the Master, was $820,313 in parcels of real estate, $17,000 for personalty and

_____

[*] Former Justice specially assigned to the Superior Court.

$88,363 for counsel fees and costs, for a total award of $925,676. Wife[] failed to appear for the Master's hearing, as she had done for numerous prior hearings.

Wife filed a request for a trial *de novo*. By order dated December 12, 2012, the *de novo* proceeding was limited to oral argument concerning the allocation of the marital property, and not to any other matters heard and reviewed by the Master as set forth in his comprehensive report, because of Wife's failure to [sic] for the Master's hearing, as well as for numerous other hearings, and her failure to cooperate in any manner with discovery orders. Following oral argument, the same award was entered by [the trial] court as had been entered by the Master.

Immediately after entry of the Decree and Order, Husband filed a Motion for Reconsideration when it came to light that the value of some parcels of real estate were significantly lower than originally appraised because of liens and/or judgments previously unknown, which Motion was granted. After additional hearings, another Decree and Order were entered on August 13, 2013, setting Husband's share of marital property at $712,100, inclusive of $107,677 in counsel fees. The decreased share of marital property resulted from the decreased value of the real estate.

Wife filed an appeal on August 15, 2013, which was dismissed by the Superior Court on April 17, 2014.[1]

On August 29, 2013, Husband filed a Petition for Special Relief requesting a stay of a Sheriff's Sale scheduled for the marital property located at 301-303 Spring Garden Street in Philadelphia (hereinafter, "301 property"), which was the parcel

---

[1] Wife's appeal, at ***Wong v. Li***, 2331 EDA 2013 (Pa. Super. 2013), was dismissed for submission of a non-conforming brief.

- 2 -

of marital real estate with the highest equity value. The court granted a stay of said sale because disposition of the property by way of a sheriff's sale could have dissipated the most valuable marital asset which needed to be preserved primarily because the underlying order was on appeal.

The 301 property had been the focus of a considerable segment of the litigation because both the deed and the mortgage were executed by Wife on behalf of Humer LLC, the owner and mortgagee of record, via a Power of Attorney given to Wife by Yuk Yat Corporation, which wholly owned Humer LLC. All shares of Yuk Yat Corporation were ostensibly transferred by Wife to her two minor sons on April 16, 2004, when the children were fifteen and six years old, respectively, just three months before the parties married. Thus, a $1.5 million mortgage and deed for a parcel of real estate were given to a shell corporation wholly owned by another shell corporation owned by two minor children, ages sixteen and seven. [The trial] court imputed ownership of the 301 property to Wife after concluding that the corporate ownership was a device used by Wife to insulate the property from inclusion as a marital asset. While the Sheriff's [S]ale was pending, Humer LLC petitioned to intervene as well as for reconsideration of the Decree and Order. Reconsideration was denied when the witness failed to appear for the hearing and the request for a continuation was denied.

From the day the order was entered staying the Sheriff's Sale in August, 2013, until July 2, 2014, numerous hearings were held, during which time [the trial] court attempted to ascertain and preserve whatever equity there was in the 301 property, even after the appeal was dismissed. [The trial] court appointed attorney David Grunfeld, a well-known and respected family law practitioner, as trustee for the purpose of soliciting private offers for purchase of the property to preserve maximum equity, the beneficiary of which was primarily Husband, because his recorded judgment lien assured him of payment

after satisfaction of mortgage and tax liens, and only the remainder would revert back to the corporation.

After several purchase offers fell through because the prospective buyers failed to meet the requirements set by the trustee, or they failed to make the necessary down payment, including offers from purchasers solicited by both Husband and Wife, the stay of the Sheriff's Sale was lifted, then stayed again on July 1, 2014, at the recommendation of the trustee. On July 2, 2014, Humer LLC, the owner of record of the 301 property, filed for Bankruptcy.

On November 20, 2014, Husband filed an Emergency Petition for Special Relief seeking additional Counsel Fees.

On January 14, 2015, the 301 property was sold by the Chapter 7 Bankruptcy Trustee for Humer LLC for $2,775,000. Husband received full satisfaction of the Equitable Distribution award in the amount of $772,984.441, with $763,723.79 reverting back to the corporation, per the Settlement Distribution Sheet provided to this court by Trustee Grunfeld….

Trial Court Opinion, 3/17/15, at 1-4.

A rule to show cause hearing was set for January 6, 2015, to address Husband's petition for counsel fees. At the hearing, the trial court took no testimony, but after discussion with counsel the trial court denied Husband's petition "for reasons said [sic] forth on the record." Trial Court Order, 1/6/15, at 1. Husband filed a timely notice of appeal on January 23, 2015.[2]

On appeal, Husband raises the following issues for our review.

---

[2] Husband and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> [1.] Whether the trial court erred by refusing to abide by its own decree?
>
> [2.] Whether the trial court erred by ruling on Husband's petition prior to taking any evidence?

Husband's Brief at 9.[3]

Our review of a trial court's decision relative to an award of attorney fees under the Domestic Relations Code is demarcated by the following tenets.

> Our standard of review of the award of counsel fees pursuant to the Domestic Relations Code is for an abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. Review of the grant of counsel fees is limited … and we will reverse only upon a showing of plain error.

*Habjan v. Habjan*, 73 A.3d 630, 642 (Pa. Super. 2013) (internal quotation marks, brackets, and citations omitted).

We first address Husband's contention that the trial court erred by disregarding an earlier order purportedly authorizing Husband to receive the attorney fees sought. *See* Husband's Brief at 29.

> In its Decree and Order of August 13, 2013, the Trial Judge ruled that Husband "shall have the right to seek recovery of future counsel fees which might be incurred for enforcement purposes." The Order was final and stands as the law of the case.

---

[3] We have reversed the order of Husband's questions presented on appeal to better accommodate our discussion of his issues.

> … The judge disregarded the well-established doctrine of *collateral estoppel* by disregarding her own findings of fact. She disregarded the principle of *res judicata* by ignoring her own judicial rulings. Finally, she ignored the principle of the law of the case, by re-visiting her own prior decisions.

*Id.*

To place this argument in context, we must explore the character and basis for the prior award of attorney fees. The August 13, 2013 order in the underlying divorce action included an award to Husband for attorney fees based on the Master's recommendation, and additional attorney fees "in connection with the discovery that properties awarded to Husband were encumbered …." Trial Court's Findings of Fact and Conclusions of Law, 8/13/13, at 6.

The Master's report in turn based its recommendation for an award of attorney fees to Husband on two statutory grounds. First, the Master noted that the relative post-separation income of the parties, the equitable distribution awards, and the illiquidity of the chief assets justified "some award of counsel fees" under 23 Pa.C.S.A. § 3702.[4] Master's Report,

---

[4] The statute provides in pertinent part as follows.

**§ 3702. Alimony pendente lite, counsel fees and expenses**

In proper cases, upon petition, the court may allow a spouse … reasonable counsel fees and expenses.

*(Footnote Continued Next Page)*

- 6 -

6/19/12, at 28.  Second, the Master found that "[t]he magnitude of [Wife's] contemptuous conduct is no less than breathtaking."  **Id.** at 27.  Accordingly the Master concluded "a separate basis for awarding counsel fees is 42 Pa.C.S.A. § 2503(7)."[5]  **Id.** at 28.

_(Footnote Continued)_ ――――――――

> Reasonable counsel fees and expenses may be allowed pendente lite….

23 Pa.C.S.A. § 3702.  "The purpose of a counsel fee award is to enable the more dependent party to litigate the action without being placed at a financial disadvantage."  **Gill v. Gill**, 677 A.2d 1214, 1218-1219 (Pa. Super. 1996) (citation omitted).  This requires consideration of "the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution."  **Busse v. Busse**, 921 A.2d 1248, 1258 (Pa. Super. 2007) (citation omitted), _appeal denied_, 934 A.2d 1275 (Pa. 2007).

[5] The Statute provides in pertinent part as follows.

> **§ 2503.  Right of participants to receive counsel fees**
>
> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> …
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> …

42 Pa.C.S.A. § 2503(7).

> The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a

_(Footnote Continued Next Page)_

- 7 -

With this context in mind, we turn to the applicable language of the trial court's August 13, 2013 order.

DECREE AND ORDER

And now, this [13]th day of August, 2013, it is hereby ordered and decreed that Plaintiff, Yip Yan Wong (hereinafter Wife), and Defendant, Bobby Kai Tung Li (hereinafter Husband), are divorced from the bonds of matrimony.

In disposition of the economic claims herein, it is further ordered as follows:

1.     Husband is awarded the sum of $712,100 in marital assets. Said award may be reduced to judgment as a lien against any real property whose ownership has been imputed to wife including, but not limited to the following properties in Philadelphia, Pennsylvania: … 301-303 Spring Garden Street, ….

…

4.     By virtue of the awards set forth in the prior paragraphs above, husband shall have no further claim against wife on account of counsel fees and costs incurred or awarded prior to this date, subject to the condition that he shall have the right to **seek** recovery of future counsel fees which might be incurred for enforcement purposes.

…

*(Footnote Continued)* ⸻

statute. *…* If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, [an appellate Court] will not disturb the trial court's decision.

***In re Padezanin***, 937 A.2d 475, 483-484 (Pa. Super. 2007).

> 6. All economic claims of record not specifically addressed herein are dismissed.

Trial Court Order, 8/13/13, at 1-2 (emphasis added).

Viewed in context, it is clear that the award of attorney fees to Husband based on 23 Pa.C.S.A. § 3702 and 42 Pa.C.S.A. § 2503(7) was final. Nevertheless, the order recognized Husband's right to **request** additional fees, if warranted to secure enforcement of the decree. This aspect of the order merely recognized, albeit without citation, the statutory provision for such an award in connection with efforts to seek compliance with an equitable distribution decree. **See** 23 Pa.C.S.A. § 3502(e)(7) (establishing among the powers of the trial court in a divorce case, when "at any time, a party has failed to comply with an order of equitable distribution…, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order: … (7) award counsel fees and costs").

From this background, we conclude Husband's characterization of the trial court's August 13, 2013 order, as law of the case or *res judicata*, entitling him to further attorney fees, is mistaken. The order simply states Husband's statutory right to **seek** attorney fees if subsequent events should warrant them based on potential non-compliance by Wife with the terms of the decree. **See Habjan**, **supra** at 643 (holding a trial court has authority under 23 Pa.C.S.A. § 3502(e)(7) to award attorney fees to a spouse as a

consequence of noncompliance by the other spouse). Such a grant of attorney fees under Section 3502(e)(7) may be awarded only after a hearing and showing of noncompliance. 23 Pa.C.S.A. § 3502(e)(7). The trial court's August 13, 2013 order did not guaranty any further attorney fee award or in any way limit the proper exercise of its discretion upon Husband's application for the same. Accordingly, we conclude Husband's claim that the trial court erred by failing "to abide by its own decree" is meritless.

We next turn to Husband's claim that the trial court erred in failing to conduct an evidentiary hearing. "The right of a litigant to in-court presentation of evidence is essential to due process; in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." Husband's Brief at 22, *quoting* **Tecce v. Hally**, 106 A.3d 728, 731 (Pa. Super. 2014). Thus, Husband contends "[a]bsent an evidentiary record, the Trial Court's denial of Husband's fee petition clearly was arbitrary and capricious." **Id.** We conclude Husband has waived this issue.[6]

_____

[6] We note that the certified record does not contain a transcript of the January 6, 2015 hearing, even though it is included in the reproduced record supplied by Husband. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the **record certified on appeal** is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citation omitted, emphasis added), *appeal denied*, 916 A.2d 632 (Pa. 2007). The transcript is not included in the prothonotary's list of record documents supplied to the parties. **See** Pa.R.A.P. 1911, 1931(d). Husband has made no effort to assure inclusion of
*(Footnote Continued Next Page)*

Husband's reliance on **Tecce** is a double-edged sword in this regard. This Court in **Tecce** indeed emphasized that where credibility determinations and factual findings are necessary to a trial court's decision of a matter, due process concerns require a "hearing, not a conversation."[7] **Tecce**, **supra** at 731. However, the **Tecce** Court noted that the issue must be raised in the first instance before the trial court and "[w]e are not free to ignore this complete absence of objection. It is axiomatic that, to preserve an objection for appeal, the objection must be raised before the trial court. Parties may waive rights, even due process rights and other rights of constitutional magnitude." **Id.** at 732 (citations and footnote omitted). "If and when a trial judge begins to proceed without a record, it is incumbent on counsel respectfully to demand such record." **Id.** at 732 n.5.

Instantly, neither Husband nor Wife lodged an objection to the procedure employed by the trial court at the January 6, 2015 hearing. Accordingly, we conclude Husband has waived his allegation of error based

_(Footnote Continued)_ _____

the omitted transcript. **See id.** at 1926(b). "When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Preston**, **supra**. Thus, the absence of the critical transcript in this case provides an additional basis for us to find waiver of Husband's issues on appeal.

[7] As discussed by the trial court, where a petition presents no disputed facts upon which a decision may rely, a hearing will not be required to adjudicate the requested relief. Trial Court Opinion, 3/17/15, at 6, _citing_ **Tecce**, **supra** at 735 (Donohue concurring). Because of our disposition based on waiver, we need not reach the question of whether a hearing would have been required for the instant determination.

- 11 -

on the trial court's denial of his petition for counsel fees without receiving any testimony. ***See Id.***

In sum, we conclude the trial court did not act in contravention of its August 13, 2013 order, relative to the grant of attorney fees to Husband, by denying Husband's petition for additional attorney fees incurred in his efforts to realize his equitable distribution award from the sale of marital real estate awarded to Wife. ***See Habjan***, ***supra***; 23 Pa.C.S.A. § 3502(e)(7) Additionally, we conclude Husband waived his objection to the trial court's failure to hear witnesses prior to making a determination on his petition for additional attorney fees. ***See Tecce***, ***supra***. Accordingly, we affirm the trial court's January 6, 2015 order denying Husband's petition for additional counsel fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015