J-S09012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDREW JAMES PUDUP | |
| Appellant | No. 1235 MDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001557-2008

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 20, 2016**

Appellant, Andrew James Pudup, appeals from the judgment of sentence entered by the Honorable Pamela A. Ruest, Court of Common Pleas of Centre County. We affirm.

The relevant facts and procedural history are as follows. Pudup was charged with driving under the influence (DUI) and careless driving. Pudup subsequently entered into an Accelerated Rehabilitative Disposition (ARD) program; however, his program was later terminated. Consequently, Pudup's case was scheduled for a non-jury trial, where the trial court, the Honorable Bradley P. Lunsford, found Pudup guilty of DUI and careless driving. Thereafter, on June 25, 2013, the trial court imposed a sentence of seventy-two (72) hours to one hundred and twelve (112) days' imprisonment, with credit for 112 days already served. The trial court also

ordered Pudup to pay a fine of $1,000.00 plus court costs and fees. Pudup filed a direct appeal, which this Court denied.

On April 30, 2015, the Commonwealth filed a petition to find Pudup in indirect criminal contempt for his failure to make the ordered payments. Thereafter, the trial court, the Honorable Thomas K. Kistler, issued a bench warrant for Pudup due to his failure to appear at the scheduled hearing. On July 2, 2015, the trial court, the Honorable Pamela A. Ruest, held a hearing with Pudup present. On that same day, the trial court entered an order finding Pudup in indirect criminal contempt[1] and directing him to pay $300.00 by September 1, 2015 and $50.00 each month thereafter until his outstanding balance of $3,306.50 is paid in full. This timely appeal followed.

In his sole issue on appeal, Pudup challenges the sufficiency of the Commonwealth's evidence to support his indirect criminal contempt conviction. Specifically, Pudup argues that the Commonwealth failed to provide sufficient evidence showing that he willfully failed to obey the court order directing him to pay a fine plus court costs and fees.

"When reviewing a contempt conviction … we are confined to a determination of whether the facts support the trial court decision. We will reverse a trial court's determination only when there has been a plain abuse of discretion." **Commonwealth v. Brumbaugh**, 932 A.2d 108, 111 (Pa.

---

[1] 23 Pa.C.S.A. § 6114.

Super. 2007) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Griffiths*, 15 A.3d 73, 76 (Pa. Super. 2010) (citation omitted).

Our standard of review in assessing the sufficiency of the evidence to sustain an appellant's conviction is as follows.

> The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Brumbaugh*, 932 A.2d, at 109-110 (citation omitted).

"Indirect criminal contempt is a violation of a court order that occurred outside the court's presence." *Commonwealth v. McMullen*, 961 A.2d 842,

849 (Pa. 2008) (citation omitted). To establish indirect criminal contempt, the Commonwealth must prove the following.

> (1) [T]he order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent.

*Brumbaugh*, 932 A.2d at 110 (unnecessary capitalization and citation omitted).

Here, the order entered by the trial court on June 25, 2013 clearly stated that Pudup was to "pay a fine in the amount of One Thousand Dollars ($1,000.00)" plus "the costs of prosecution, supervision fee, and costs of incarceration." Order, 6/25/13, at ¶¶ 1, 2. Given the clear language of the order, Pudup was aware of his duty to pay the fine plus court costs and fees. At the hearing, Pudup confirmed that he had notice of the order when he agreed to pay $300 toward his outstanding balance by September 1, 2015. *See* N.T., Bench Warrant Hearing, 8/10/15, at 5-7. Moreover, Pudup stated that he could not make any payment by August 1, 2015 due to his inability to find work.[2] *See id*. Pudup's statement confirms that he knowingly failed

---

[2] Our esteemed colleague, the Honorable Anne E. Lazarus, in her dissent, takes issue with the fact that Pudup was never sworn in as a witness before providing his statements at the hearing. *See* Pa.R.E. 603. However, since neither Pudup nor his counsel objected to the unsworn testimony at the trial court level, this issue is waived. *See* Pa.R.A.P. 302(a); *Tecce v. Hally*, 106 A.3d 728, 732 (Pa. Super. 2014) ("It is axiomatic that, to preserve an objection for appeal, the objection must be raised before the trial court. … [T]he failure to object to unsworn testimony subjects a litigant to waiver.")
*(Footnote Continued Next Page)*

to make the ordered payments and violated the order volitionally. Finally, Pudup's wrongful intent can be imputed simply by virtue of the fact that he intentionally failed to make the ordered payments. **See Brumbaugh**, 932 A.2d at 111.

Viewing all the evidence in the light most favorable to the verdict winner, we hold that the Commonwealth presented sufficient evidence for the court to find every element of indirect criminal contempt beyond a reasonable doubt.

Judgment of sentence affirmed.

Judge Jenkins joins the memorandum.

Judge Lazarus files a dissenting memorandum.


Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016


_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

**See also United States v. Perez**, 651 F.2d 268, 273 (5th Cir. 1981); **Beausoliel v. United States**, 107 F.2d 292, 294 (D.C. Cir. 1939). In addition, Pudup did not even raise this issue on appeal.