In the Interest of A.J., a Minor.

Appeal of D.J., Maternal Grandmother, Appellant.

In the Interest of A.J., a Minor.

Appeal of D.J., Maternal Grandmother, Appellant.

In the Interest of A.J., a Minor.

Appeal of D.J., Maternal Grandmother, Appellant.

Superior Court of Pennsylvania.

Argued April 26, 2011.
Filed July 19, 2011.

Stephanie M. Muick Cervone, Pittsburgh, for appellant.

Justin J.E. Ketchel, Pittsburgh, for appellee.

Mark B. Greenblatt, Pittsburgh, for Allegheny County Law Dept., participating party.

BEFORE: STEVENS, P.J., GANTMAN and STRASSBURGER *, JJ.

OPINION BY STEVENS, P.J.:

D.J., Maternal Grandmother ("Grandmother"), appeals from the trial court's orders entered on November 18, 2010, denying Grandmother's petitions for special relief filed November 11, 2010, seeking standing "in custody and CYF matters" for her three minor grandchildren, Arm.J., Ari.J., and A'S.J. (collectively "Children"). We affirm.

The relevant facts and procedure underlying this appeal are as follows: Arm.J., a male child born in March of 2003, Ari.J., a female child born in March of 2003, and A'S.J., a male child born in January of 2004, are the minor Children of S.J. ("Mother") and R.W. ("Father"). On Au-

* Retired Senior Judge assigned to the Superior Court.

gust 17, 2009, this matter originally came to the attention of Office of Children, Youth, and Families ("CYF") following a report alleging that the Children were at risk of abuse or neglect. CYF accepted the family for services on August 19, 2009, placing in-home services through Auberle. The services to be addressed by Auberle were deplorable housing, maintenance of utilities, ensuring well-child care, and budgeting of finances. Auberle was also to assist Mother with enrolling all three Children in school. On November 9, 2009, in-home services were requested again. Project Star at The Children's Institute accepted the family for service on November 16, 2009, and was asked to address budgeting, organizational skills and prioritizing, and parenting skills.

Following an investigation and several home visits by CYF caseworker, Kelley Smith, on December 18, 2009, CYF filed a petition seeking to have the Children adjudicated dependent. The trial court issued emergency custody authorizations on January 13, 2010 and January 22, 2010. The Children were briefly placed with a maternal great-aunt and a maternal great-uncle, and then were placed in two foster homes. Mother died on January 28, 2010, and Father's whereabouts are unknown.

On February 1, 2010, the trial court adjudicated the Children dependent. The trial court considered Grandmother as a placement resource but only granted her limited supervised visitation, as a result of the trial court determination that the Children's best interests dictated that they be placed in foster care rather than with Grandmother. Ari.J. and A'S.J. were placed together in a foster home while Arm.J. was placed in a separate foster home.

On November 11, 2010, Grandmother filed a petition for special relief, seeking an order conferring standing in her in custody and CYF matters. The trial court denied Grandmother's petition on November 18, 2010.

Grandmother filed timely notices of appeal. Grandmother also filed timely Concise Statements of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). This Court consolidated Grandmother's appeals *sua sponte* on December 22, 2010.

Grandmother raises the following issue for our review:

> Whether D.J. (Grandmother) should have been granted standing in custody and CYF matters?

Grandmother's brief at 2.

■ On appeal, Grandmother contends that the trial court erred in denying her petition for special relief seeking standing in custody and CYF matters and in denying her an evidentiary hearing. Grandmother asserts that she is the maternal grandmother of the three dependent Children. She notes that the Children's biological mother is deceased and the biological father's whereabouts are unknown, resulting in his lack of participation in the Children's lives. As a result, Grandmother argues that she is entitled to petition for the custody of the three Children pursuant to the Pennsylvania Custody and Grandparents' Visitation Act, 23 Pa.C.S.A. § 5313. Grandmother cites the Pennsylvania Supreme Court's holding in *R.M. v. Baxter*, 565 Pa. 619, 777 A.2d 446, 451 (2001), as authority for the proposition that "[a] grandparent has standing to bring a petition for physical and legal custody of a grandchild." Grandmother has not filed a petition for custody of the Children.

After a careful review of the relevant factual and procedural history in this case, we find no error on the part of the trial court in denying Grandmother's petition for special relief at this time. In light of

the ongoing dependency proceedings in this case, the trial court properly determined that, at this juncture, the case is governed by the Juvenile Act and not the Pennsylvania Custody and Grandparents' Visitation Act. The trial court held that the Juvenile Act specifically restricts attendance and participation in dependency hearings. 42 Pa.C.S.A. § 6336(d); *see In re D.M.*, 995 A.2d 371 (Pa.Super.2010); *In re L.J.*, 456 Pa.Super. 685, 691 A.2d 520, 526 (1997), *appeal denied*, 548 Pa. 681, 699 A.2d 735 (1997) (non-parties do not have right to participate in dependency proceedings).

This Court has noted that the term "party" is not defined by the Juvenile Act. *In re D.M.*, *supra* at 375. However, this Court has conferred that status of "party" in a juvenile proceeding on three classes of persons: "(1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue; or (3) the person whose care and control of the juvenile is in question." *Id.*; *In re D.S.*, 979 A.2d 901, 904–905 (Pa.Super.2009) (*citing In re L.C. II*, 900 A.2d 378, 381 (Pa.Super.2006)).

After a careful review of the record in this case, we find that the trial court correctly determined that Grandmother is neither the legal parent nor the legal custodian of the Children. Moreover, she is not the person whose care and control of the Children was in question during the dependency proceeding. Therefore, the trial court properly found that Grandmother is not entitled to legal status as a party in the dependency proceedings. Trial Court Opinion, 1/19/11, at 2; *In re D.M.*, *supra*.

Accordingly, as Grandmother's request to be awarded standing to participate in custody and CYF matters in the ongoing dependency proceedings was not authorized by the Juvenile Act, we affirm the orders of the trial court denying Grandmother's petition for special relief.

Orders affirmed.

Concurring opinion by STRASSBURGER, J.

CONCURRING OPINION BY STRASSBURGER, J.:

I join the Majority Opinion. As did Judge Hens–Greco in the trial court, President Judge Stevens has correctly parsed the Juvenile Act to determine that Maternal Grandmother lacks standing to seek custody in the dependency proceedings.

I write only to suggest that this result, while mandated by the language of the Juvenile Act, is not a happy one. The legislature, in the Pennsylvania Custody and Grandparents' Visitation Act, 23 Pa. C.S.A. § 5313, has recognized the important role that grandparents fill in their grandchildren's lives, and as a consequence, has afforded grandparents standing in custody proceedings. However, because these children are now in dependency court, Maternal Grandmother's right has no concomitant remedy. Legislative change is needed.