J-A28041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.M., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.S.-G., | : : : : : : | |
| | : | No. 1815 EDA 2019 |

Appeal from the Order Entered June 13, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000084-2018

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 24, 2019**

L.S.-G., the former guardian of Z.M., a minor child, appeals from the June 13, 2019, order entered in the Court of Common Pleas of Philadelphia County, Juvenile Division, which denied her motion to vacate a protective stay-away order entered in a dependency action as to the Child.  After a careful review, we affirm.

In its opinion, the juvenile court fully and correctly set forth the relevant facts and procedural history underlying this appeal.  ***See*** Juvenile Court Opinion, filed 7/16/19, at 2-14.  Accordingly, it is unnecessary for us to restate the facts and procedural history in detail; but rather, we provide a relevant summary.

_____

[*] Former Justice specially assigned to the Superior Court.

On December 5, 2017, the Department of Human Services ("DHS") received a general protective services report ("report") alleging that the Child's biological mother ("Mother") and L.S.-G. shared physical and legal custody of Z.M. ("the Child"); the Child was in the care of L.S.-G. at the time of the report; Mother had not seen the Child since November 22, 2017; and L.S.-G. would not return the Child to Mother or permit the Child to attend school. *Id.* at 2. This report was validated.

Thereafter, on December 6, 2017, DHS received a report that Mother and her paramour, K.J., smoked marijuana in front of the Child, the Child was afraid to return to Mother's home, the Child was residing with L.S.-G., and L.S.-G. would not permit the Child to attend school as she feared Mother would remove the Child from school. *Id.* at 2-3. This report was validated.

On January 4, 2018, DHS spoke with L.S.-G., who reported she was in the process of enrolling the Child in a home-schooling program, and the Child was afraid to return to Mother's home. *Id.* at 5.

On January 11, 2018, DHS filed a dependency petition seeking to adjudicate the Child as being a dependent child under the provisions of Pennsylvania's Juvenile Act, 42 Pa.C.S. §§ 6301-6365. *Id.* at 6. Following a hearing, on February 6, 2018, the Child was adjudicated dependent with legal and physical custody transferred to guardian, L.S.-G., with Mother having unsupervised visitation. *Id.*

On February 21, 2018, the juvenile court held a permanency review hearing, following which the court ordered the Child to remain under the protective supervision of DHS with legal and physical custody to remain with L.S.-G. *Id.* Mother was referred for drug screening and assessments. *Id.*

On May 8, 2018, the juvenile court held a permanency review hearing, at the conclusion of which the court ordered the Child to remain with L.S.-G. with Mother having visitation. *Id.* at 7.

On August 7, 2018, the juvenile court held a permanency review hearing, at the conclusion of which the court transferred full legal and physical custody of the Child to Mother. The juvenile court suspended L.S.-G.'s guardianship, ordered the Child be returned to Mother's care, and suspended visitation between the Child and L.S.-G. until the next court date. *Id.*

On November 19, 2018, L.S.-G. filed a motion for rule to show cause as to why L.S.-G. should not be given visitation. The juvenile court denied the motion and vacated L.S.-G.'s guardianship.[1] *Id.*

_____

[1] On January 6, 2019, L.S.G. filed an appeal to this Court from the order denying her motion for rule to show cause as to visitation between her and the Child. However, while the appeal was pending in this Court, as discussed *infra*, the juvenile court determined the Child was no longer dependent and vacated court supervision. Thus, by *per curiam* order entered on April 30, 2019, this Court dismissed L.S.G.'s appeal on the basis it was moot. *See In re J.A.*, 107 A.3d 799 (Pa.Super. 2015) (holding an actual case or controversy must exist at all stages of the judicial process or a case will be dismissed as moot).

On February 12, 2019, the juvenile court held a combined permanency review and motions hearing. L.S.-G. and her attorney were initially present for the hearing, and in their presence, the attorney for DHS requested the juvenile court enter a protective order directing L.S.-G. to stay away from the Child. N.T., 2/12/19, at 6. L.S.-G.'s attorney, in turn, indicated L.S.-G. had filed a motion requesting the juvenile court find Mother in contempt of a prior custody order.

The juvenile court permitted L.S.-G. to testify, and at the conclusion of her testimony, the juvenile court denied L.S.-G.'s petition for contempt. *Id.* at 12. The juvenile court then indicated it would proceed with the permanency review hearing, and the Child Advocate requested L.S.-G. and her attorney leave the courtroom since L.S.-G.'s guardianship had been previously vacated by the juvenile court. *Id.* at 12-13. Indicating L.S.-G. "has no standing[,]" the juvenile court excused L.S.-G. and her attorney. *Id.* at 13. L.S.-G. did not object and left the courtroom. *Id.* The juvenile court then heard testimony from various witnesses as to whether the Child should remain dependent, as well as regarding DHS's motion for a protective stay-away order.

At the conclusion of the hearing, the juvenile court concluded the circumstances which necessitated the dependency adjudication had been alleviated. *Id.* at 23. Accordingly, the juvenile court determined the Child was no longer dependent, vacated court supervision, and directed any custody

actions to be handled by the domestic relations court. *Id.* at 23-24. Moreover, the juvenile court entered a protective stay-away order. *Id.* Specifically, the juvenile court directed L.S.-G. to refrain from any contact directly or indirectly with Child, as well as refrain from any and all intimidation personally or by family and friends. *Id.* The juvenile court concluded the protective stay-away order was in the best interest of the Child and necessary to ensure the safety of the Child. Juvenile Court Opinion, filed 7/16/19, at 15.

On June 5, 2019, L.S.-G. filed a motion to vacate the juvenile court's February 12, 2019, protective stay-away order, which was entered in the underlying dependency action. L.S.-G.'s motion in its entirety provided the following:

1) On February 12, 2019, an order titled "Dependency Court Protective Order" was issued by [the juvenile court], prohibiting contact between [L.S.-G.] and [Z.W.], the minor child[.]

2) [L.S.-G.] and her attorney…were present in the courtroom on 02/12/2019; however, both were vacated and dismissed from the proceedings, and not present for any testimony relevant to the need for protection of [the Child]. The ex-parte "Dependency Court Protective Order" was not served [on] [L.S.-G.].

3) Ex parte communications between judges and parties are widely forbidden as a matter of procedure, due process, and ethics, as they deprive a litigant of the right to a fair trial before an impartial tribunal.

[L.S.-G.] respectfully requests that the above-mentioned order be vacated pursuant to and in accordance with the above-mentioned rule of law.

L.S.-G.'s Motion to Vacate Dependency Court Protective Order, filed 6/5/19 (citations omitted).

By order entered on June 13, 2019, the juvenile court denied L.S.-G.'s motion, and on June 20, 2019, L.S.-G. filed the instant notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

On appeal, L.S.-G. contends the juvenile court violated her due process rights by excusing her from the dependency hearing prior to the taking of testimony related to DHS's request for a protective stay-away order. Initially, we note the record reflects that L.S.-G. and her attorney were present when DHS made a motion for a protective stay-away order, and, thereafter, when the juvenile court granted the Child Advocate's request that L.S.-G. and her attorney leave the courtroom due to L.S.-G.'s lack of standing, L.S.-G. did not object. Accordingly, L.S.-G. has waived her allegation that the juvenile court violated her due process rights by excusing her from the dependency hearing. *See Tecce v. Hally*, 106 A.3d 728, 732 (Pa.Super. 2014) ("Parties may waive rights, even due process rights and other rights of constitutional magnitude.") (citation omitted)).

Next, L.S.-G. contends the juvenile court erred in holding she did not have standing as a party in the dependency proceeding, and accordingly, the juvenile court's protective stay-away order was the result of improper *ex parte* communications, which occurred at the permanency review hearing after she and her attorney left the courtroom. Consequently, L.S.-G. contends the juvenile court erred in failing to grant her motion to vacate the protective stay-away order.

Initially, we note that, as indicated *supra*, L.S.-G. did not object at the hearing when the juvenile court indicated she did not have standing. Accordingly, her challenge to the juvenile court's holding that she did not have standing is waived. **See** Pa.R.A.P. 302(a) (providing for waiver of issues not first raised in lower court); **In re S.H.J.**, 78 A.3d 1158, 1161–63 (Pa.Super. 2013) (finding that the children's maternal aunt waived her argument that she should have been granted standing as a prospective adoptive parent). In any event, we conclude the issue is meritless.

An issue regarding standing to participate in dependency proceedings is a question of law warranting plenary review, and our standard of review is *de novo.* **In re J.S.**, 980 A.2d 117, 120 (Pa.Super. 2009).

> Under the Juvenile Act, attendance at and participation in dependency proceedings are restricted. Dependency hearings are closed to the general public. Only a "party" has the right to participate, to be heard on his or her own behalf, to introduce evidence, and/or to cross-examine witnesses. Although the Juvenile Act does not define "party," case law from this Court has conferred the status of party to a dependency proceeding on three classes of persons: (1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue [;] or (3) the person whose care and control of the juvenile is in question. These categories logically stem from the fact that upon an adjudication of dependency, the court has the authority to remove a child from the custody of his or her parents or legal custodian. Due process requires that the child's legal caregiver, be it a parent or other custodian, be granted party status in order to be able to participate and present argument in the dependency proceedings.

**In re L.C., II**, 900 A.2d 378, 381 (Pa.Super. 2006) (citations omitted). The Juvenile Act provides that all parties to a dependency proceeding are entitled

- 7 -

to counsel and have the right to present evidence and cross-examine witnesses. 42 Pa.C.S.A. §§ 6337, 6338.

Here, L.S.-G. is not the parent of the Child. Further, inasmuch as the juvenile court granted full physical and legal custody of the Child to Mother on August 7, 2018, L.S.-G. was not the legal custodian of the Child. Moreover, she is not the person whose care and control of the Child were in question during the dependency proceedings. Therefore, L.S.-G. was not entitled to legal status as a party in the dependency proceedings. *See In re A.J.*, 29 A.3d 1, 3 (Pa.Super. 2011).[2] Accordingly, the juvenile court did not err in denying L.S.-G.'s motion to vacate the protective stay-away order as to the Child.

For all of the foregoing reasons, we affirm.

Affirmed.

_____

[2] We note Section 6336.1 of the Juvenile Act entitled "Notice and Hearing" provides the following:

> The court shall direct the county agency or juvenile probation department to provide the child's foster parent, preadoptive parent or relative providing care for the child with timely notice of the hearing. The court shall provide the child's foster parent, preadoptive parent or relative providing care for the child the opportunity to be heard at any hearing under this chapter. Unless a foster parent, preadoptive parent or relative providing care for a child has been awarded legal custody pursuant to section 6357 (relating to rights and duties of legal custodians), nothing in this section shall give the foster parent, preadoptive parent or relative providing care for the child legal standing in the matter being heard by the court.

42 Pa.C.S.A. § 6336.1. Here, L.S.-G. does not argue that she met the requirements of Section 6336.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/24/19</u>